UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENNYMAC HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTIAN CASTANEDA, et al.,<br><br>    Defendants. | Case No. 15-cv-03345-KAW<br><br>ORDER REASSIGNING CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO REMAND TO STATE COURT<br><br>Re: Dkt. No. 1 |

On July 20, 2015, Defendant Christian Castaneda removed this unlawful detainer action from Alameda County Superior Court. (Not. of Removal, Dkt. No. 1.)

As removal is clearly improper, and neither party has consented to the undersigned, for the reasons set forth below, the Court reassigns this case to a district judge and recommends that the case be remanded to state court.

## I. BACKGROUND

Plaintiff Pennymac Holdings, LLC commenced this unlawful detainer action in Alameda County Superior Court on March 2, 2015. (Compl., Dkt. No. 1 at 8-11.) The complaint contains a single cause of action for unlawful detainer. *Id.* The case is a "limited civil case," in which Plaintiff seeks immediate possession of a certain property located in Livermore, California, which Defendants Christian Castaneda and Norma Castaneda currently occupy. (Compl. ¶ 1.) Defendants obtained a mortgage to purchase the Subject Property, which was secured by a deed of trust. (Compl. ¶ 4.) Defendants defaulted on their mortgage payments and failed to cure the default, so the Property was foreclosed upon and sold to Plaintiff in October 2014. (Compl. ¶¶ 4, 7.) Thereafter, Defendants did not vacate the Property, so Plaintiff initiated the unlawful detainer process, and filed the instant lawsuit against Defendants Christian Castaneda, Norma Castaneda,

and Does 1-10. (*See* Compl. ¶¶ 10-11.)

On July 20, 2015, Defendant Christian Castaneda removed the action to federal court on the grounds that it presents a federal question because "Defendant's Demurrer, a pleading depend on the determination of Defendant's rights and Plaintiff's duties under federal law." (Not. of Removal ¶ 10.)

## II.   LEGAL STANDARD

Federal courts exercise limited jurisdiction. A "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. *See* 28 U.S.C. § 1441(a). "[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Homes Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all doubts as to removability in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing that federal jurisdiction exists is on the party seeking removal. *See id.* at 566-67.

Federal district courts have original jurisdiction over actions that present a federal question or those based on diversity jurisdiction. *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 & n.2 (9th Cir. 2002). Federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that the basis for federal jurisdiction must appear on the face of the properly pleaded complaint, either because the complaint directly raises an issue of federal law or because the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). "[A] case may not be removed to federal court on the basis of a federal defense . . . , even if the defense is anticipated in the plaintiff's complaint . . . ." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (citation omitted).

2

### III.   DISCUSSION

Defendant Christian Castaneda[1] removed this unlawful detainer action from Alameda County Superior Court on the grounds that the district court has original jurisdiction because the case presents a federal question.

### A.   Federal Question Jurisdiction

Defendant claims that a federal question exists based on a demurrer he filed in state court, which would result in "the determination of Defendant's rights and Plaintiff's duties under federal law." (Not. of Removal ¶ 10.) Defendant's rights in an unlawful detainer action depend on the interpretation of state law. Further, Defendant has not shown why the resolution of Plaintiff's unlawful detainer claim will turn on a substantial question of federal law. In fact, it seems that any such showing is unlikely, as Plaintiff allegedly purchased Defendant's property through the foreclosure process and is entitled to obtain possession of the premises. The complaint, therefore, fails to present a federal question or a substantial question of federal law.

Moreover, Defendant's vague assertions that a federal question exists to determine Defendant's rights and Plaintiff's duties does not alter this analysis. First, the well-pleaded complaint rule prevents the Court from considering any additional claims, such that a defendant cannot create federal question jurisdiction by adding claims or defenses to a notice of removal. *See Provincal Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009); *see also McAtee v. Capital One*, *F.S.B.*, 479 F.3d 1143, 1145 (9th Cir. 2007) (even previously asserted counterclaims raising federal issue will not permit removal). Here, Defendant's references to the Tenants at Foreclosure Act, 12 U.S.C. § 5220, do not establish federal question jurisdiction in this matter, because the complaint raises only a state law claim for unlawful detainer. Thus, Defendant's contention that there are any federal questions at issue in this litigation is misplaced.

Second, Defendant appears to seek removal based on a demurrer that was filed rather than the initial complaint, and the district court does not provide appellate review of state trial court

---

[1] The undersigned notes that co-defendant Norma Castaneda did not join in or consent to the removal as required by 28 U.S.C. § 1446(b)(2)(A). It is unclear, however, whether she was properly served. Thus, for the purposes of this report and recommendation, the court will assume that Ms. Castaneda was not required to join in the removal.

3

orders.

Lastly, the limited scope of unlawful detainer proceedings precludes cross-complaints or counterclaims. *See Knowles v. Robinson*, 60 Cal. 2d 620, 626-27 (1963). Thus, to the extent that Defendant's assertions could be contained in any such filing, they would, nonetheless, fail to introduce a basis for federal question jurisdiction.

### B. Diversity Jurisdiction

District courts also have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). When federal subject-matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). Under the forum defendant rule, "a civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

As discussed above, this action is not removable on the basis of federal question jurisdiction. Therefore, the only remaining removal basis would be diversity between Plaintiff, whose citizenship is unknown, and Defendant, a citizen of California. In such situations, the forum defendant rule applies, and an action may not be removed to the district court if any properly served defendant is a citizen of California. As Defendant is a citizen of California, the state in which this action was brought, this case is not removable on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441(b).

///
///
///
///
///
///
///

### IV. CONCLUSION

In light of the foregoing, the Court reassigns this action to a district judge with the recommendation that the action be REMANDED to state court for further proceedings.

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO RECOMMENDED.

Dated: August 7, 2015

KANDIS A. WESTMORE
United States Magistrate Judge

5